UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARA L. LACY,

    Plaintiff,

    v.

SNOHOMISH COUNTY,

    Defendant.

Case No. C17-1207RSL

ORDER GRANTING
MOTION FOR REMAND

This matter comes before the Court on "Plaintiff's Motion for Remand to King County Superior Court." Dkt. # 10. Having reviewed the memoranda and declarations submitted by the parties, and the remainder of the record, the Court GRANTS plaintiff's motion.

Plaintiff Sara Lacy brings this wrongful death action on behalf of her husband, Cecil Lacy. On September 18, 2015, Cecil Lacy was killed during an interaction with the police along Washington State Route 529 near his home. Two Tulalip police officers and a Snohomish deputy were involved in the incident. Plaintiff filed an initial complaint on September 8, 2016, in King County Superior Court. See Lacy v. Snohomish Cty., No. C16-1551RSL (W.D. Wash. filed Oct. 4, 2016), Dkt. # 1-2. The original complaint

ORDER GRANTING
MOTION FOR REMAND - 1

alleged only state-law claims against Snohomish County and various employees of the Snohomish County Sheriff's Office. On October 4, 2016, defendants removed the case to federal court, alleging that plaintiff's state-law claims were "federal claim[s] in disguise." Lacy v. Snohomish Cty., No. C16-1551RSL (W.D. Wash. filed Oct. 4, 2016), Dkt. # 1 at 2. On October 24, 2016, this Court remanded the case after confirming that there were no federal claims and therefore no basis for federal jurisdiction. Lacy v. Snohomish Cty., No. C16-1551RSL (W.D. Wash. filed Oct. 4, 2016), Dkt. # 9. Additionally, the Court awarded fees to plaintiff after determining that defendants' removal was not reasonable. Lacy v. Snohomish Cty., No. C16-1551RSL (W.D. Wash. filed Oct. 4, 2016), Dkt. # 13.

On May 30, 2017, plaintiff filed a second amended complaint in King County Superior Court, adding Tulalip police officers Tyler Gross and Michael Johnson as defendants. Plaintiff believed that Mr. Gross and Mr. Johnson were acting as employees of the Tulalip Tribes, and they were added after the Supreme Court's ruling in Lewis v. Clarke, 137 S. Ct. 1285 (2017) (holding that a lawsuit against a tribal employee in his individual capacity does not implicate tribal sovereign immunity). Unbeknownst to plaintiff, however, Mr. Gross and Mr. Johnson were actually "deemed federal employees" based on an agreement between the Tulalip Tribes and the United States. Dkt. # 1 at 2. Plaintiff learned of this when the United States substituted itself for defendants Johnson and Gross and again removed the case to federal court on August 10, 2017. Dkt. ## 1, 2. On August 16, 2017, plaintiff dismissed defendants Gross and

ORDER GRANTING
MOTION FOR REMAND - 2

Johnson. Dkt. # 8. Now that the United States is no longer a party, plaintiff seeks a second remand to King County Superior Court.[1]

Plaintiff relies on Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988), and United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), to support her motion for remand. Defendant posits that these cases are "either outdated or inapplicable" because they predate 28 U.S.C. § 1367, the supplemental jurisdiction statute. Dkt. # 13 at 3. While there may be some legitimate academic question about whether § 1367 narrowed or merely codified prior Supreme Court precedent, the parties agree that this Court's decision regarding whether to exercise supplemental jurisdiction is discretionary. See Carlsbad Tech, Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("With respect to supplemental jurisdiction in particular, a federal court has subject-matter jurisdiction over specified state-law claims, which it may (or may not) choose to exercise. A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.") (internal citations omitted).

As there is no longer any basis for federal jurisdiction, the Court declines to preside over the state-law claims. It is appropriate for the state-law claims to be heard in state court. See Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court[.]"). Contrary to defendant's suggestion, the Court finds that plaintiff was not

---

[1] A separate action against the Tulalip Tribes is pending in Tulalip Tribal Court. See Dkt. # 14, Ex. B, and Dkt. # 16, Ex. C.

ORDER GRANTING
MOTION FOR REMAND - 3

attempting to manipulate the forum by adding and subsequently dismissing Tyler Gross and Michael Johnson. Throughout these proceedings, plaintiff desired to have this case heard in state court. Plaintiff added defendants Gross and Johnson believing in good faith that they were not acting as federal employees, and as soon as the United States became involved, those defendants were promptly dismissed. This "straight-forward tactical decision" was not manipulative. See Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995).

For all of the foregoing reasons, plaintiff's motion (Dkt. # 10) is GRANTED. The case is REMANDED, and the Clerk of Court is directed to transmit the file regarding C17-1207RSL to King County Superior Court.

DATED this 13th day of December, 2017.

Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION FOR REMAND - 4